**Gilberto RIVERA, Plaintiff–Appellee,**

v.

**Jose LOPEZ, Sr., I/O Police Lieutenant, James Rovella, I/O Police Detective, Luisa St. Pierre, I/O Police Detective and Timothy Pitkin, I/O Police Detective, Defendants–Appellants,**

**John M. Bailey, I/O Chief States Attorney, James E. Thomas, I/O States Attorney, Herbert Carlson, Jr., I/O Deputy Asst. States Attorney, James Hammick, I/O Chief Inspector, John Mazzamurro, I/O Inspector, City of Hartford, Joseph Croughwell, I/O Chief of Police, Robert Casati, HPD, Department Chief, I/O Deputy Chief of Police, David Kenary, I/O Police Lieutenant, Charles Lilley, I/O Police Sergeant, Darryl Roberts, I/O Police Sergeant and Jack Leitao, Detective, Defendants.**

Docket No. 02–7994.

United States Court of Appeals,
Second Circuit.

June 16, 2003.

John B. Farley, Halloran & Sage LLP, Hartford, CT (James J. Szerejko, Halloran & Sage LLP, and Ralph W. Johnson, III, Halloran & Sage LLP, on the brief), for Defendants–Appellants.

James S. Brewer, Brewer & O'Neil, LLC, West Hartford, CT (John T. Forrest, Brewer & O'Neil, LLC, on the brief), for Plaintiff–Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. JOSE A. CABRANES, Circuit Judges.

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal is **DISMISSED.**

Jose Lopez, Sr., James Rovella, Luisa St. Pierre and Timothy Pitkin, detectives in the Hartford Police Department, appeal from an order of the United States District Court for the District of Connecticut (Chatigny, *J.*) denying their motion for summary judgment on the issue of qualified immunity. *Rivera v. Thomas, et al.*, 98–CV–1429 (D.Conn. July 23, 2001) (RNC). For the following reasons, we conclude that we lack jurisdiction to hear this interlocutory appeal.

We generally lack jurisdiction to review a denial of summary judgment. *See Golino v. City of New Haven*, 950 F.2d 864, 868 (2d Cir.1991). An exception exists where the issue is one of qualified immunity. *See Mitchell v. Forsyth*, 472 U.S. 511, 527, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Cartier v. Lussier*, 955 F.2d 841, 844 (2d Cir.1992). "Our jurisdiction is nevertheless limited to circumstances where the qualified immunity defense may be established as a matter of law." *Cartier*, 955 F.2d at 844. Review extends to whether a given factual dispute is "material" for summary judgment purposes, but not as to whether a dispute of fact identified by the district court is "genuine." *See Johnson v. Jones*, 515 U.S. 304, 313, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995); *Salim v. Proulx*, 93 F.3d 86, 90 (2d Cir.1996); *Cartier*, 955 F.2d at 844.

The district court identified factual disputes as to whether "a reasonable officer in [the appellants'] position would have

known the arrest lacked probable cause."[1] *Rivera*, 98–CV–1429, at 14. "An arresting officer is entitled to qualified immunity from a suit for damages on a claim for arrest without probable cause if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Golino*, 950 F.2d at 870. Where, as here, objective reasonableness is challenged on the basis of misstatements and omissions, we look to a hypothetical "corrected" affidavit. *See Cartier*, 955 F.2d at 845. Here, there were clearly material misstatements and omissions in the affidavit, including potentially fabricated eyewitness identifications. We cannot say, without resolving the disputed factual issues in this case, whether qualified immunity is appropriate. Accordingly, we lack jurisdiction to review whether the disputes are genuine.

■ The appellants also raise a hearsay challenge to a document relied upon by the district court to underpin its ruling. True, denial of summary judgment must be based on "such facts as would be admissible in evidence." Fed R. Civ. P. 56(e). But "the nonmoving party [need not] produce evidence *in a form that would be admissible at trial* in order to avoid summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (emphasis added). Thus, even if we were to resolve this evidentiary issue in favor of the appellants, we would still be faced with an evidence sufficiency question that we lack appellate jurisdiction to review.

We have considered appellants' other arguments and find them to be without merit.

---

1. The district court also pointed to factual disputes concerning whether "these [appellants] intentionally or recklessly made false statements and omissions essential to a finding of probable cause." *Rivera*, 98–CV–1429, at 14. Such a factual dispute is not directly relevant to resolving appellants' claims of qualified immunity. *See Lee v. Sandberg*, 136 F.3d 94, 103 n. 5 (2d Cir.1997).